**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armored Group LLC, | No. CV-24-01516-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Monty Lutzker, et al., | |
| Defendants. | |

    Before the Court is the parties' joint Stipulation to Consolidate *Lutzker, et al. v. Armored Group LLC*, *et al.*, Case No. 2:24-cv-03521-PHX-SPL (the "Second Action") with case *Armored Group LLC v. Lutzker, et al.*, Case No. 2:24-cv-01516-PHX-SPL (the "First Action"). (Doc. 79).

    Federal Rule of Civil Procedure ("Rule") 42(a) allows a court to consolidate cases "[i]f the actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts, however, "enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). A court "must balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Sapiro v. Sunstone Hotel Inv'rs, L.L.C.*, No. CV-03-1555-PHX-SRB, 2006 WL 898155, at *1 (D. Ariz. Apr. 4, 2006). To that end, under Rule 42(a)(3), courts may "issue any other orders to avoid unnecessary cost or delay" as an alternative to consolidating cases. Fed. R. Civ. P. 42(a).

    The Defendants in the First Action—Monty Lutzker, Ryan Holden, and Beau

Gailey—brought the Second Action against Armored Group LLC, its sole member and owner Robert Pazderka, and two other entities closely affiliated with the Armored Group LLC that are owned by Robert Pazderka.[1] In Defendants' initial Motion to Transfer (Doc. 33), Defendants attested that the cases "involve substantially the same parties and substantially the same questions of law" and that the claims would have been asserted as counterclaims rather than a separate action but for the pendency of their Motion to Dismiss.[2] (Doc. 33 at 2).

The Court agrees that both cases involve substantially the same parties, arise out of the same set of facts and circumstances, and involve several overlapping issues. Given the procedural posture of both actions, their common questions of law and fact, and judicial economy considerations, the Court *could* order the cases consolidated. However, the most appropriate and efficient course of action would have been for the First Action Defendants to bring the Second Action claims as counterclaims in the First Action and to have joined the additional Second Action defendants and plaintiffs to the First Action. The same result could be achieved in a much more straightforward and efficient fashion by directing the First Action Defendants to include the Second Action claims as counterclaims in their answer and to permit joinder of any additional counterclaimants or counter-defendants in the First Action at that time. *See Topower Computer Indus. Co., Ltd. v. Xion, Inc.*, C 08-3584 SBA, 2009 WL 4572771, at *2 (N.D. Cal. Dec. 4, 2009) (denying motion to

---

[1] On February 24, 2025, Beau Gailey was terminated as a Plaintiff in the Second Action. Instead, Marne Consulting Group, LLC, joined Monty Lutzker and Ryan Holden in filing a First Amended Complaint in the Second Action. *See* First Amended Complaint, *Lutzker, et al. v. Armored Group LLC, et al.*, Case No. 2:24-cv-03521-PHX-SPL, (D. Ariz. Feb. 24, 2025), ECF No. 22. Marne Consulting Group, LLC is owned and operated by its sole member, Beau Gailey. *Id.* at 4.

[2] First Action Defendants' obligation to file a responsive pleading had not been triggered due to the pendency of their Motion to Dismiss (Doc. 27). Plaintiff filed an Amended Complaint on April 28, 2025 (Doc. 81), and thus, Defendants' obligation to file a responsive pleading still has not been triggered. As such, First Action Defendants have not been barred from bringing any compulsory counterclaims. *See CNA Nat'l Warranty Corp. v. RHN Inc.*, CV-19-04516-PHX-GMS, 2019 WL 4394487, at *1 (D. Ariz. Sept. 13, 2019) (finding that Rule 13 had no preclusive effect over claims brought in second action until responsive pleading was filed in first action).

consolidate in favor of dismissing defendant's second-filed action and directing defendant to amend its answer in order to bring claims from second-filed action). Moreover, consolidation of cases does not "merge" cases such that they become one and lose their distinct identities. *Hall*, 584 U.S. at 76. Thus, consolidation of these actions could present a risk of confusion and inconsistency in post-judgment proceedings. Instead, requiring the First Action Defendants to bring their compulsory and permissive counterclaims with leave to join any necessary or permissive parties and dismissing the Second Action would mitigate any potential for conflicting judgments on appeal, promote judicial efficiency, and prevent unnecessary clogging of the Court's docket.

The Court has broad discretion under Rule 42, which includes the discretion to issue "orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(3). Pursuant to that authority, the Court directs First Action Defendants Monty Lutzker, Beau Gailey, and Ryan Holden to bring their Second Action claims as counterclaims accompanying their First Action answer, and the Court grants leave to join the additional Second Action parties as counterclaimants and counter-defendants in the First Action. Since that course of action will render consolidation unnecessary and the Second Action superfluous, the Court will dismiss the Second Action. To the extent that any party desires to challenge the propriety of a party's joinder in First Action Defendants' counterclaims, they may do so after first meeting and conferring with opposing counsel, then filing an appropriate motion seeking relief from the Court.

Accordingly,

**IT IS ORDERED** that the parties' Stipulation to Consolidate (Doc. 79) is **denied**.

**IT IS FURTHER ORDERED** that Case No. CV-24-03521-PHX-SPL is **dismissed without prejudice**. The Clerk of Court shall **terminate** that action.

**IT IS FURTHER ORDERED** that the Defendants in the First Action may include the claims alleged in the Second Action as counterclaims within a timely-filed answer to Plaintiff's Amended Complaint, with leave to join additional parties to the First Action pursuant to Fed. R. Civ. P. 19 and 20. Any response to the counterclaims shall be filed

within 14 days of the filing of the answer and counterclaims.

**IT IS FURTHER ORDERED** that this Order shall be filed in both CV-24-03521-PHX-SPL and CV-24-01516-PHX-SPL.

Dated this 29th day of April, 2025.

Honorable Steven P. Logan
United States District Judge