**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armored Group LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>Monty Lutzker, et al,<br><br>              Defendants. | No. CV-24-01516-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendants Monty Lutzker, Beau Gailey, and Ryan Holden's ("Defendants") Motion for Reconsideration or Clarification.[1] (Doc. 92).

Defendants brought a Second Action, *Lutzker, et al. v. Armored Group LLC*, *et al.*, Case No. 2:24-cv-03521-PHX-SPL, against Plaintiff Armored Group LLC, its sole member and owner Robert Pazderka, and two other entities closely affiliated with the Armored Group LLC that are owned by Robert Pazderka. In Defendants' initial Motion to Transfer (Doc. 33), Defendants attested that the cases "involve substantially the same parties and substantially the same questions of law" and that the claims would have been asserted as counterclaims rather than a separate action but for the pendency of their Motion to Dismiss. (Doc. 33 at 2). The parties subsequently filed a joint Stipulation to Consolidate the two cases. (Doc. 79). In its April 30, 2025 Order on the Stipulation, the Court detailed

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

its concerns about the potential for inconsistency and confusion in post-judgment proceedings if the two actions were consolidated. (Doc. 89 at 2–3). In light of these concerns, the Court exercised its broad discretion under Federal Rule of Civil Procedure 42(a)(3) to direct Defendants to bring their Second Action claims as counterclaims in the instant case. (*Id.* at 3). Defendants subsequently filed their present Motion for Reconsideration or Clarification, in which they raise their concerns about the statute of limitations expiring for their intended counterclaims. (Doc. 92 at 2–3).

Statutes of limitations are "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974) (quoting *Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342 (1944)) (internal quotations omitted). "The thought is that a plaintiff cannot sleep on his or her rights, and then suddenly demand a remedy, without creating a greater wrong against the party charged, and a wrong against the peace of the community." *Tri-River Chem. Co., Inc. v. Forsythe*, 2005 U.S. Dist. LEXIS 64447, *7 (D. Idaho 2005) (quoting *Hair v. United States*, 350 F.3d 1253, 1256 (Fed. Cir. 2003)). However, courts have power to equitably toll or apply equitable estoppel to the statutes of limitations in various circumstances. *See generally American Pipe*, 414 U.S. at 558. These circumstances include where a claimant has actively pursued his judicial remedies but filed a defective pleading or was induced by an adversary's misconduct into allowing the filing deadline to pass; where an action was first timely filed in state court but dismissed for improper venue; and where class action certification was denied and a class member sought to initiate a new suit after the statute of limitations had run, amongst others. *Forsythe*, 2005 U.S. Dist. LEXIS 64447, *8 (collecting cases); *Roberts v. Gallagher*, CV-21-08255-PCT-DJH, 2022 WL 2702531, at *3 (D. Ariz. July 12, 2022) (tolling statute of limitations where the plaintiff actively and timely pursued claims in a dismissed case but was only expressly allowed to raise claims in a second case after the statute had expired).

The Court finds that equitable tolling of the statutes of limitations to allow Defendants to bring their counterclaims after the expiration of the statutes would be appropriate in this suit, as well. The Court is aware that Defendants have diligently pursued their claims. This is not a situation where they have slept on their rights, or where the opposing party is unaware of the claims and will face prejudice due to untimely filing. Nor do the circumstances of this case pose a risk of lost evidence or disappeared witnesses. Accordingly, the Court clarifies that it will equitably toll the statute of limitations for Defendants' counterclaims so that they may be filed after the resolution of the pending Motions to Dismiss Plaintiff's Amended Complaint (Docs. 106, 107) and the expiration of Defendants' deadline to file their answer and counterclaims.

**IT IS THEREFORE ORDERED** that Defendants Monty Lutzker, Beau Gailey, and Ryan Holden's Motion for Reconsideration or Clarification (Doc. 92) is **granted** in accordance with this Order.

Dated this 22nd day of August, 2025.

Honorable Steven P. Logan
United States District Judge

3